**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

Gary Brown,                                        )
                                                   )
    Plaintiff,                               )
                                                   )
        v.                             )
                                                   )
International Brotherhood of Teamsters,             )
International Union                                 )
    Defendant.                               )

**COMPLAINT**

**Introduction**

1.  Plaintiff Gary Brown who is a member of Teamsters Local 385 seeks an order requiring the defendant International Brotherhood of Teamsters International Union (IBT) to end its trusteeship over Local 385 immediately.  This trusteeship has lasted more than eighteen months and is now presumptively invalid, and in violation of 29 U.S.C. 464 (c) of the Labor Management Reporting and Disclosure Act (LMRDA).   No explanation has been given to plaintiff or the other members as to why the trusteeship is being continued beyond the date permitted under federal law.  Pursuant to his right to bring a civil action pursuant to 29 U.S.C. 464(a), plaintiff seeks an order enjoining the defendant IBT from continuing a trusteeship this trusteeship and directing the IBT to schedule an election of new officers.

**Parties**

2. Plaintiff Gary Brown is a member in good standing of Local 385 and a resident of this judicial district.

3.  Defendant International Brotherhood of Teamsters, International Union (IBT) is a labor organization within the meaning of 29 U.S.C. 402(i).

## Jurisdiction

4. The jurisdiction of this Court is invoked pursuant to 29 USC 464(a), which entitles a member to file a civil action challenging an unlawful trusteeship.

5. Venue lies in this judicial district under 29 USC 464(b), because Local 385 has its principal officer located within the Middle District of Florida.

## Facts

6. On June 24, 2019, by the letter of IBT President James P. Hoffa, the defendant IBT placed the Local 385 in trusteeship, effective immediately.

7. The defendant IBT placed Michael McElmury as trustee and removed the elected officers

8. As set forth by the IBT President, the purported reason for the trusteeship of Local 385 was a memorandum of understanding (MOU) with Walt Disney Parks and Resorts (Disney), which had not been submitted to the members for ratification.

9. The MOU allowed Disney to assign scheduling work performed by the Magic Kingdom Department Scheduler Employees whom Local 385 represented to non-member employees outside of the bargaining unit.

10. The MOU was intended to resolve a contractual dispute between Disney and Local 385 over Disney's right to assign such work.

11. There was never any claim of fraud, or concealment or improper collusion by Local 385 with respect to the MOU.

12. A charge filed with the National Labor Relations Board with respect to the MOU was dismissed by the NLRB in August 2019.

13. The alleged reason for the trusteeship was the dissatisfaction of Local 385 members with the elected leadership, for which the best remedy is to give members the right to vote.

14. The adoption of the MOU was a one time event in the past, and nothing is being accomplished by continuing the trusteeship beyond the eighteen month period prescribe in 29 U.S.C. 464(c)

15. The IBT has given no reason why the trusteeship should be continued beyond the eighteen-month period prescribed in 29 U.S.C. 464, or given any information to the members as to how long the trusteeship will last.

16. No reason exists why the members themselves cannot take charge of their own local union and elect new officers.

17. Furthermore, the IBT has now inconsistently scheduled a nomination meeting and election in Local 385 for delegates to participate in the June 2021 IBT International Convention, while not permitting the members to elect new officers.

18. On information and belief, plaintiff alleges that the reason for delay in election of officers is to allow the current trustee, Michael McElmury, who now wishes to become an elected officer at the end of the trusteeship, to build support for his candidacy for union office before scheduling such an election.   Such a purpose by itself is an illegal reason for a trusteeship under 29 U.S.C. 462, and is further evidence that the trusteeship is not being "maintained in good faith," as required by 29 U.S.C. 464.

19. By continuing loss of their right to officers of their own choosing, plaintiff and other members of Local 385 are suffering irreparable injury.

20. It is the ordinary practice under Article VI, section 5 of the IBT Constitution that at the end of a trusteeship new elections for officers will be held.

## Count I

### (Violation of 29 U.S.C. 464(c))

21. As set out in 29 U.S.C. 464(c), "After expiration of eighteen months the trusteeship shall be presumed invalid… and its discontinuance shall be decreed unless the labor organization [imposing the trusteeship] shall show by clear and convincing proof that the continuation of the trusteeship is necessary for a purpose allowable under section 464 of this title."

22.  By the acts set forth above, and by continuing the trusteeship of Local 385 for over eighteen month, and for doing so without cause, and without clear and convincing proof that it is "necessary" for any valid purpose,  the trusteeship of Local 385 is in violation of 29 U.S.C. 464(c), and its discontinuance should be decreed.

23.  In addition, the trusteeship is not being "maintained in good faith,"  in further violation of 29 U.S.C. 464, in that no reason has been given for continuing the trusteeship and no information has been provided to the members as to when their right to vote will be restored.

WHEREFORE plaintiff prays this Court to:

A.   Declare that the continuation of the trusteeship is in violation of 29 U.S.C. 464 and the trusteeship must be terminated immediately.

B.  Enjoin the defendant IBT from continuing the trusteeship and taking immediate steps to turn the Local back to the members.

C.  Directing the defendant IBT to retain a respected outside agency approved by this Court to conduct an election of new officers for a three-year term, pursuant to the provisions of the IBT Constitution.

D.  Order the defendant IBT to immediately install the officers elected by the members upon certification of the election results.

E.  Grant plaintiff his legal fees and costs and such other relief as may be appropriate.

\*      \*      \*

Date: <u>February 2, 2021</u>                                     <u>/s/ Luke Lirot</u>

Luke Lirot, Esquire
Florida Bar Number: 714836
Luke Charles Lirot, P.A.
2240 Belleair Road, Suite 190
Clearwater, FL  33764
Telephone: (727) 536-2100
Facsimile:  (727) 536-2110
E-mail: <u>luke2@lirotlaw.com</u>
*Attorney for Plaintiff*

And for:

Thomas H. Geoghegan
Michael P. Persoon
Will Bloom
Despres, Schwartz & Geoghegan, Ltd.
77 West Washington Street, Suite 711
Chicago, Illinois 60602
(312) 372-2511
<u>tgeoghegan@dsgchicago.com</u>
<u>mpersoon@dsgchicago.com</u>
<u>tgeoghegan@dsgchicago.com</u>
*Co-Counsel for Plaintiff*
(Subject to Admission Pro Hac Vice)